Filed 9/26/16  Hanson v. Piecuch CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| NORMAN HANSON, Individually and as Trustee, etc., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> MESONIKA PIECUCH et al., <br><br> Defendants and Respondents. | F071945 <br><br> (Super. Ct. No. S-1500-CV-283143 SPC) <br><br><br> **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Sidney P. Chapin, Judge.

LeBeau-Thelen and Andrew K. Sheffield for Plaintiff and Appellant.

Dessy & Dessy, Ronald D. Dessy and Fawn Kennedy Dessy for Defendants and Respondents.

-ooOoo-

The plaintiff in this trespass action has appealed an order granting a special motion to strike brought under California's anti-SLAPP statute.[1]  The defendants have shown that the trespass action was filed against them in retaliation for their successful pursuit of

---

[1]    Code of Civil Procedure section 425.16.  Unlabeled statutory references are to the Code of Civil Procedure.  The acronym "SLAPP" stands for strategic lawsuit against public participation.

a code enforcement complaint relating to the plaintiff's operation of a firing range on his property in violation of a county zoning ordinance. Thus, the trespass action appears to have a sufficient causal connection to activity protected by the anti-SLAPP statute. As a result, the outcome of this appeal turns on the second step of the analysis of an anti-SLAPP motion—that is, whether "the plaintiff has established that there is a probability that [he] will prevail on the [trespass] claim." (§ 425.16, subd. (b)(1).)

We conclude that the plaintiff has carried this burden and shown the requisite probability. His evidence, which must be credited when reviewing a special motion to strike, is sufficient to make a prima facie showing of the elements of a civil trespass claim. The defendants' argument that they were authorized to be on the roadway crossing the plaintiff's property because they held a prescriptive easement presents factual disputes that cannot be resolved against the plaintiff at this stage of the proceedings.

We therefore reverse the judgment of dismissal.

**FACTS**

Plaintiff Norman L. Hanson is the trustee of the Hanson Family Trust dated November 14, 2006. Hanson, as an individual and as trustee, owns 19.68 acres of real property described as Lot 19 of Parcel Map No. 7697 (Lot 19) and located in the Sand Canyon area of Tehachapi. Pine Ridge Road crosses Lot 19 at a distance of more than 300 feet from the lot's easterly boundary. Hanson states that the road was established as a private easement for the benefit of the parcels comprising Parcel Map No. 7697.

Defendant Mesonika Piecuch and defendant Gordon Lull are married and reside in Sand Canyon in a home that is part of a development known as Quail Mountain Trails. Defendants are the sole shareholders of JC Land & Cattle, Inc., a corporation that owns 315 acres of unimproved land in Sand Canyon. The land abuts the easterly boundary of Hanson's lot. Hanson asserts the corporation's land is not part of Parcel Map No. 7697

2.

and is not benefited by the private easement that allows certain people to cross his property by using Pine Ridge Road.

In May 2013, defendants made a written complaint to the County of Kern's code compliance division based on their belief that an illegal gun range was being operated on Lot 19. In July 2013, defendants were (1) advised by code compliance personnel that Hanson was denying that a gun range was being operated on his property and (2) invited to provide evidence to substantiate the complaint. Defendants' declaration stated that video was taken of gun classes held on Lot 19 in June 2014 and photographs and video footage was taken in August 2014.

In December 2014, the code compliance division held a hearing on the complaint about the gun range. Defendants and others objecting the gun range attended. Defendants stated that Hanson admitted violating the zoning ordinance and agreed to file an application for a conditional use permit. When Piecuch signed her declaration in support of the motion to strike in January 2015, the permit application was pending.

## PROCEEDINGS

In September 2014, Hanson filed a complaint against Piecuch and Lull, alleging causes of action for trespass, invasion of privacy and a violation of his civil rights under Civil Code section 52.1. Hanson alleged that he owns Lot 19 and that, in May and June 2013, defendants entered the property without his consent and removed signs, placed signs, drove their vehicle, and took photographs. Hanson also alleged that he incurred costs in replacing the signs removed by defendants, changing the locks on and securing the gate to his property, and purchasing security devices to guard against defendants' continued intrusions.

Hanson's invasion of privacy cause of action alleges that defendants entered his property for the purpose of videotaping, photographing and recording himself and others engaged in the personal activity of firing guns. Hanson alleged these entries occurred in 2014 on June 22nd, July 26th, and August 9th.

3.

Hanson also alleged the trespasses were committed with malice because "no trespassing" signs were posted on the property. Also, he alleged that, at least twice, Piecuch was told that she was on private property and asked to leave, but refused both requests. Hanson's third cause of action alleged that on the two occasions when he confronted Piecuch, she made him aware of the fact that she had a firearm available to her in order to intimidate him. He also alleged that defendants' activities were an effort to coerce him not to exercise his rights in a manner that defendants did not like.

In January 2015, defendants responded to Hanson's complaint by filing a special motion to strike under California's anti-SLAPP statute, section 425.16. Defendants asserted that Hanson filed his lawsuit against them in retaliation for their filing the code compliance complaint in May 2013 relating to his illegal operation of a firing range on his property. Defendants asserted that they obtained photographs of the illegal firing range at the request of the code compliance division because Hanson had denied the existence of the firing range. Defendants also asserted that, after the photographs were obtained, Hanson admitted a violation of the zoning laws.

Defendants' motion to strike was supported by their declarations stating they never trespassed onto Hanson's property during the video and audio recording of the activities. Also, defendants stated that they had been using Pine Ridge Road for over seven and a half years to access their corporation's unimproved land.

The trial court granted the motion to strike based on its determinations that all causes of action come within the meaning of subdivisions (b)(1) and (e)(4) of section 425.16 and Hanson had not established a probability of prevailing on his claims. The minute order stated that (1) Hanson did not establish that the activities of defendants were criminal violations; (2) admissible evidence established defendants had a right to use the roadway; and (3) defendants were more likely than not on their own property.

Hanson filed a motion to reconsider that asserted new evidence in the form of a February 2015 lawsuit by defendants against him and the County of Kern to force the

4.

county to hold a hearing and conduct an environmental study in connection with his application for a conditional use permit. This motion and its denial by the trial court is not relevant to the issues decided in this appeal.

In June 2015, the trial court entered a judgment of dismissal in favor of the defendants. Hanson appealed from the judgment and the underlying orders granting the special motion to strike and denying his motion for reconsideration.

**DISCUSSION**

I.      ANTI-SLAPP MOTIONS

A.      <u>Summary of the Law</u>

In its last three published anti-SLAPP decisions, this court has provided an overview of California's anti-SLAPP statute and discussed the two-step inquiry with shifting burdens applied to anti-SLAPP motions. (*Grenier v. Taylor* (2015) 234 Cal.App.4th 471, 479-480; *La Jolla Group II v. Bruce* (2012) 211 Cal.App.4th 461, 469-471; *Smith v. Adventist Health System/West* (2010) 190 Cal.App.4th 40, 49-52 (*Smith*).) Accordingly, that overview and general discussion is not repeated here. As the dispositive analysis for this appeal involves the second step of the two-step inquiry, only the principles relevant to our review of that step are set forth here.

*1.      Plaintiff's Burden*

In general terms, that second step requires the plaintiff to demonstrate that his pleading stated a legally sufficient claim and he has enough evidence to prove the claim. (*Smith*, *supra*, 190 Cal.App.4th at p. 52.) As to the evidentiary showing, a plaintiff must make a sufficient prima facie showing of facts to sustain a favorable judgment, which showing assumes the evidence submitted by the plaintiff is credited. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056.) Consequently, the second step of the anti-SLAPP analysis is a summary-judgment-like procedure applied to the merits of the lawsuit at an

5.

early stage of the litigation.  (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192.)

## 2. *Standard of Review*

"Review of an order granting or denying a motion to strike under section 425.16 is de novo."  (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3 (*Soukup*).)  An appellate court must "consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based."  (§ 425.16, subd. (b)(2).)  Neither trial nor appellate courts weigh credibility or compare the weight of the evidence.  (*Soukup*, *supra*, at p. 269, fn. 3.)  "Rather, the court's responsibility is to accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law."  (*HMS Capital*, *Inc. v. Lawyers Title Co.* (2004) 118 Cal.App.4th 204, 212.)

## B. Trial Court's Rationale

The court stated that Hanson did not establish that defendants' activities were criminal law violations.  Assuming that Hanson's evidence did not establish a criminal violation, that does not defeat Hanson's tort cause of action for trespass as a matter of law.  (See generally, 87 C.J.S. (2016) Trespass, § 2 [comparing civil and criminal trespass].)  Proof of a criminal violation is not an element of a civil cause of action for trespass.  (See CACI No. 2000 [trespass, essential factual elements].)

Second, the court stated that defendants were more likely than not on their own property.  This statement appears to be based on a weighing of the evidence, which is outside the scope of the second step required by section 425.16.  (*Soukup*, *supra*, 39 Cal.4th at p. 269, fn. 3.)  A motion to strike must be denied if "the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  (§ 425.16, subd. (b)(1).)  This "probability" has been referred to as a minimum level of

6.

triability.  (*Linder v. Thrifty Oil Co.* (2000) 23 Cal.4th 429, 438, fn. 5; *Mindys Cosmetics, Inc. v. Dakar* (2010) 611 F.3d 590, 598 [inquiry is often called the "minimal merit" prong].)  Here, the trial court's reference to "more likely than not" (capitalization omitted) is not consistent with the probability required by the statute.  Also, the reference is not consistent with the principle that a defendant's evidence is evaluated only to determine if it has defeated the plaintiff's evidence as a matter of law.  (*HMS Capital, Inc. v. Lawyers Title Co.*, *supra*, 118 Cal.App.4th at p. 212.)  In other words, a preponderance of the evidence as to defendants' location does not, as a matter of law, defeat a plaintiff's claim.

Accordingly, the foregoing grounds do not provide a basis for affirming the order granting the special motion to strike.  As a result, the dispositive question in this appeal is whether Hanson's evidence, accepted as true, is sufficient to allow a trier of fact to decide the trespass cause of action in his favor.[2]  (*Rusheen v. Cohen*, *supra*, 37 Cal.4th at p. 1056.)

C.      Hanson's Prima Facie Showing of Trespass

1.      *Elements of a Trespass Claim*

The sufficiency of Hanson's evidence must be analyzed with reference to elements of a civil trespassing claim, which are (1) the plaintiff's ownership or control of the property; (2) the defendant's intentional, reckless, or negligent entry onto the property; (3) lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm.  (See CACI No. 2000.)  Proof of the last two elements is not essential because the law assumes harm in the case of tangible intrusions and, thus, real property owners are entitled to nominal damages if actual damages are not sought or proven.  (Directions for Use, CACI No. 2000; see

---

[2]      Defendants have not argued that Hanson's complaint is legally insufficient to state a cause of action for trespass.  Therefore, the allegations in that complaint need not be quoted and analyzed.

*Staples v. Hoefke* (1987) 189 Cal.App.3d 1397, 1406.) To summarize these elements, the essence of the cause of action for trespass is an unauthorized entry onto the land of another. (*Donahue Schriber Realty Group, Inc. v. Nu Creation Outreach* (2014) 232 Cal.App.4th 1171, 1177-1178 [preliminary injunction against soliciting donations near store entrances affirmed].)

### 2. Hanson's Evidence of Ownership

Hanson opposed the special motion to strike by submitting his declaration, which included (1) sheets of Parcel Map No. 7697 showing Lot 19 and Pine Ridge Road; (2) a copy of a declaration and grant of private easement dated June 4, 1987, and recorded by the Kern County clerk at book 6013, page 525; and (3) photographs taken by trail cameras Hanson installed on his property.[3]

Hanson's declaration states that he purchased Lot 19 from National Charter Life Insurance Co. in April 2012 through a land sale contract that caused title to remain in the seller's name until the contract was paid in full. From the date of purchase, Hanson states he has possessed, occupied and controlled Lot 19 as the owner. In April 2014, he paid off the contract and obtained a deed to the property. A copy of the deed was part of defendants' request for judicial notice.

Hanson's declaration adequately makes a prima facie showing of his ownership of the property at the time of the alleged trespasses in 2013 and 2014. The April 2014 deed from National Charter Life Insurance Co. does not, as a matter of law, overcome the statement in his declaration that he purchased the property pursuant to a land sale contract

---

[3] The information provided in Piecuch's declaration about her use of a global positioning system (GPS) unit to confirm she was not on Hanson's property does not address the locations of her vehicle when the photographs were taken by the trail cameras. Thus, even if her statements about confirming her location with a GPS unit were accepted as conclusive, those statements would address all of the instances of alleged trespass raised by Hanson and supported by the photographic evidence from his trail cameras.

in 2012. Therefore, Hanson has carried the burden of presenting evidence that, if believed, would establish his ownership of Lot 19 before the first alleged unauthorized entry.

### 3. *Hanson's Evidence of Unauthorized Entry*

The parties dispute defendants' right to use Pine Ridge Road and, thus, whether defendants' presence on that road constituted an unauthorized entry onto Hanson's property. Hanson's evidence shows that (1) Pine Ridge Road crosses Lot 19, (2) a private easement has been recorded for that road, (3) the recorded private easement is not for the benefit of the land owned by defendants' corporation, (4) Hanson did not grant defendants permission to use the road or otherwise enter his property, and (5) defendants drove their yellow vehicle on a part of Pine Ridge Road that crosses his property.

Defendants respond to the elements of entry and the lack of authorization by claiming a property right to use the road. First, they contend the road runs through a corner of their corporation's land before continuing to Lot 19. They assert the maps Hanson provided reflect where the road was intended to be and not where the road actually exists. Second, they contend that, assuming their evidence as to the road's actual location is inaccurate, they have a right to be present on the road because they have been using the road for over seven and a half years to access their property. Furthermore, defendants argue Hanson's opposition to their motion was inadequate because he did not address their claim of right to use the road, regardless of whether it is on Lot 19.

We conclude that Hanson's declaration and attached photographs, which must be credited for purposes of the motion to strike, make a prima facie showing that (1) defendants entered Lot 19 and (2) defendants' entry onto Lot 19 was not authorized by him personally or by the private easement that grants rights to use Pine Ridge Road. Under the rule applicable to special motions to strike, the factual dispute about the existence of a prescriptive easement in favor of defendants does not justify granting the

9.

motion because it is our responsibility "to accept as true the evidence favorable to the plaintiff" (*HMS Capital*, *Inc. v. Lawyers Title Co.*, *supra*, 118 Cal.App.4th at p. 212) and defeating a prescriptive easement is not part of a prima facie showing of the elements of a trespass claim.

Based on the foregoing, we conclude that Hanson has made a sufficient prima facie showing of facts to sustain a judgment in his favor on the trespass. (*Rusheen v. Cohen*, *supra*, 37 Cal.4th at p. 1056.) At this stage of the proceedings, whether that prima facie showing will be defeated by sufficient evidence to establish all elements of a prescriptive easement cannot be determined.

## DISPOSITION

The judgment of dismissal is reversed and the trial court is directed to vacate its order granting defendants' special motion to strike and to enter a new order denying that motion. Plaintiff shall recover his costs on appeal.

_____
FRANSON, J.

WE CONCUR:


_____
HILL, P.J.


_____
MCCABE, J.*

---

\*     Judge of the Superior Court of Merced County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10.